## MICHIGAN SUGAR COMPANY *v.* MICHIGAN.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 199. Argued March 20, 21, 1902.—Decided April 7, 1902.

The rule reiterated that this court has no jurisdiction under the third division of section 709 of the Revised Statutes unless the party seeking the writ of error has unmistakably invoked for the protection of an asserted right, title, privilege or immunity, the Constitution, or some treaty, statute, commission, or authority, of the United States.

The case is stated in the opinion of the court.

*Mr. Thomas A. E. Weadock* for plaintiff in error. *Mr. John C. Weadock* was on his brief.

*Mr. Charles D. Joslyn* and *Mr. Horace M. Oren* for defendant in error.

Mr. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a petition for mandamus filed in the Supreme Court of the State of Michigan by the Michigan Sugar Company against the Auditor General of that State, praying that he might be commanded to draw his warrant or warrants on the treasury of the State in favor of petitioner, for certain amounts alleged to be due to it for bounty earned for beet sugar manufactured from sugar beets raised in the year 1898, in accordance with the provisions of an act of the legislature of Michigan of 1897. Reliance was also placed on an act of 1899 asserted to have made appropriations to pay such bounties. The Auditor General in response to a rule to show cause insisted that the act of 1897 was in contravention of the state constitution, and also that no appropriations had been made out of which the alleged bounties could be paid.

The Supreme Court of Michigan held that the act of 1897

was unconstitutional, and that it could not be and was not helped out by the act of 1899, which made no specific appropriations " by which the sugar bounties could be paid ; " and denied the application. 124 Mich. 674. Thereupon this writ of error was allowed; and errors were assigned to the effect that the judgment of the Supreme Court was in conflict with the prohibitions of the Constitution of the United States in respect of " impairing the obligation of contracts ; " deprivation of property without due process of law; and denial of the equal protection of the laws.

The petition for mandamus nowhere set up that the State of Michigan had passed any law impairing the obligation of a contract with relator, and nowhere invoked the protection of any provision of the Federal Constitution, nor was any issue in relation thereto raised upon the record.

It is clear that the case did not fall within either the first or second of the classes of cases in which the judgment of a state court may be reëxamined under section 709 of the Revised Statutes. The validity of no treaty or statute of, or authority exercised under, the United States was drawn in question; nor was the validity of a statute of, or an authority exercised under, the State drawn in question on the ground of repugnancy to the Constitution, treaties or laws of the United States, and its validity sustained. And as to the third class, no right, title, privilege or immunity was specially set up or claimed as belonging to relator under the Constitution, or any treaty or statute of, or commission held, or authority exercised under, the United States ; and denied.

The Supreme Court of the State did not refer to the Federal Constitution or consider and decide any Federal question. For aught that appears, the court proceeded in its determination of the cause without any thought that it was disposing of such a question.

The rule is firmly established, and has been frequently reiterated, that the jurisdiction of this court to reëxamine the final judgment of a state court, under the third division of section 709, cannot arise from mere inference, but only from averments so distinct and positive as to place it beyond question

that the party bringing the case here from such court intended to assert a Federal right. The statutory requirement is not met unless the party unmistakably declares that he invokes for the protection of his rights, the Constitution, or some treaty, statute, commission or authority, of the United States. Applying this rule to the case before us, the writ of error cannot be maintained.

*Writ of error dismissed.*

Mr. Justice Brown took no part in the decision.